[Cite as *In re A.A.V.*, 2018-Ohio-106.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF: A.A.V. | : | |
| | : | |
| | : | Appellate Case No. 2017-CA-6 |
| | : | |
| | : | Trial Court Case No. 14JG23 |
| | : | |
| | : | (Appeal from Family Court) |
| | : | |
| | : | |
| | : | |
| | : | |

. . . . . . . . . .

O P I N I O N

Rendered on the 12th day of January, 2018.

. . . . . . . . . .

A.V., SR.
    Appellant-Pro Se

NATALIE J. BAHAN, Atty. Reg. No. 0079304, 118 Court Avenue, Bellefontaine, Ohio 43311
    Attorney for Appelle-A.C.

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} Plaintiff A.V. appeals from an order modifying a shared parenting order. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings in accordance with this opinion.

## I. Facts and Procedural History

{¶ 2} The parties, A.V. and A.C., are the biological parents of the minor child A.A.V. who was born in 2012. A.V. and A.C. were never married. The parties lived together in Urbana with the minor child until June 23, 2014 when A.V. filed a motion for emergency custody or, in the alternative, shared parenting. A hearing was conducted on September 30, 2014. Both parties appeared without counsel. Following the hearing, the trial court entered a judgment ordering shared parenting. The order stated that A.C. would have the child from Sunday at 8:00 p.m. until 8:00 p.pm on Wednesday and that A.V. would have the child from Wednesday at 8:00 p.m. until Friday at 8:00 p.m., and that the parents would alternate the weekends. The order further provided that holidays would be allocated in accordance with the Champaign County Family Court Standard Order of Parenting Time. The court declined to award child support due to the nearly equal parenting time. As the child was not of school age, neither party was designated as the residential parent. Neither party appealed.

{¶ 3} On March 5, 2015, A.C. filed a pro se motion for change of custody. A.V. filed a response, pro se, in which he alleged that A.C. was not complying with the shared parenting order. A hearing was scheduled for June 25, 2015, however, A.C. filed a notice withdrawing her motion on June 11, 2015. The trial court entered a notice of the

dismissal and cancellation of the hearing. A.V. filed a response in which he stated that the court erred by failing to hold a hearing on A.C.'s motion and that he believed someone in the clerk's office helped A.C. prepare her handwritten notice withdrawing her motion. The trial court filed an entry noting that because A.C. had withdrawn her motion, which was the only motion pending before the court, there was no issue requiring resolution.

{¶ 4} On September 1, 2015, A.C. filed a notice of her intent to relocate to Columbus. A.V. filed a response to the relocation notice and a request for a hearing in which he asked for a change of custody and to be designated residential and custodial parent. On September 30, 2015, A.C. filed a notice withdrawing her intent to relocate. On November 30, 2015, A.V. filed a notice withdrawing his motion for a change of custody.

{¶ 5} A.C. obtained counsel and on December 3, 2015, filed a motion requesting an order terminating shared parenting and an order granting her sole custody of the child. The trial court, on December 8, 2015, filed an order ruling that since A.V.'s motion had been withdrawn, A.C.'s motion was rendered moot. A.C., though it seems her motion could have proceeded despite A.V.'s withdrawal of his motion, did not object nor appeal.

{¶ 6} On April 11, 2016, A.C. again filed a motion to terminate shared parenting and for an award of sole custody. In May, the trial court ordered the appointment of a Guardian Ad Litem ("GAL"). A.V. filed a response as well as a motion seeking sole custody or in the alternative for the court to continue the order of shared parenting. A.V. obtained counsel in July 2016. Thereafter, both parties engaged in discovery.

{¶ 7} A hearing was conducted on January 24, 2017. The GAL filed a report indicating that the parties should continue with the shared parenting order. On February

13, 2017, the trial court entered a judgment stating that both A.V. and A.C. had agreed to maintain shared parenting. The court further found that the parties agreed to: (1) permit telephone contact with the child by either parent at all times; (2) use the court's "Family Wizard" system to communicate with each other regarding the child; (3) provide the other parent with notice of any medical appointments; (4) the right of first refusal of parenting time if the parent with the child needs child care for longer than an eight hour period; and (5) the division of parenting during the child's Christmas vacation once she begins school.

{¶ 8} The parties, however, were unable to reach an agreement on three issues: (1) which parent would be designated as the residential parent for school purposes; (2) a modification to the parenting time exchange schedule; and (3) which parent should have parenting time during the child's 2017 spring break. The court found that it was in the child's best interest to attend school in the Urbana City School District. The court also modified the exchange time from 8:00 p.m. to 6:00 p.m., finding that the earlier exchange time was better for the child as it did not interfere with her bedtime. Finally, the court noted that its original decision, made prior to the child's enrollment in school, did not provide for parenting time during spring break. The court also noted that the parents agreed to alternate years for future spring break vacations, but that they could not agree on which parent would have the child for the 2017 spring break. The court ordered that A.C. was awarded parenting time during the 2017 spring break because the maternal grandmother had purchased tickets for a vacation.

{¶ 9} A.V., acting pro se, appeals.

**II. Analysis**

{¶ 10} A.V.'s appellate brief fails to comply with App.R. 16(A)(3) which requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." A.V. states that because he is acting pro se, he should be held to a less stringent standard. However, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 20.

{¶ 11} We also note that a reviewing court is limited to a review of the trial court record, and we must "disregard alleged facts that are not of record in the trial court." (Citations omitted.) *Chase Manhattan Mtg. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10. A.V. has attached to his brief what appears to be a handwritten affidavit executed by his father; a handwritten statement meant to be an exhibit regarding parenting time; and a handwritten request setting forth the relief to which A.V. claims entitlement. There is also a copy of A.C.'s notarized signature with a handwritten note indicating that it is an exhibit depicting false statements made by A.C. Other than the notarized signature and the handwritten note, the page is blank. These attachments to A.V.'s brief are not in the trial court record, and thus, cannot, and will not, be considered.

{¶ 12} Additionally, App. R. 9(B) imposes a duty on A.V. to provide a transcript of the proceedings before the trial court. App. R. 9(C) or (D) provide alternatives for completing the record if no transcript is available. In the absence of a transcript of the proceedings, or a proper alternative, an appellate court is "constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively

demonstrates error." *Albritton v. White*, 2d Dist. Montgomery No. 24027, 2011-Ohio-3499, ¶ 15, citing *Banks v. Regan*, 2d Dist. Montgomery No. 21929, 2008–Ohio–188, ¶ 2; *State v. Like*, 2d Dist. Montgomery No. 21991, 2008–Ohio–1873, ¶ 33. A.V. claims that there is no transcript of the hearing because the court discriminated against him and refused to provide him equal justice. However, he does not claim that the proceedings were not recorded. Even assuming that the proceedings were not recorded properly, and that the trial court is somehow responsible therefor, A.V. could have used an alternative method for completing the record.

{¶ 13} Despite the failure to comply with the Appellate Rules, we have reviewed A.V.'s appellate brief and reply brief, and find that they are, at best, convoluted. Nonetheless, we will attempt to address what we discern to be the arguments raised in his brief.

{¶ 14} A.V. appears to be confused regarding the nature of the trial court's decision and order. It appears he believes that the court improperly terminated the shared parenting order because he states that the court "removed him from his right to shared parenting," and that the matter should be remanded to reissue a shared parenting order. He then conversely appears to fault the court for not awarding him sole legal and custodial status, a status that is inconsistent with an award of shared parenting.

{¶ 15} The trial court did not terminate the original order of shared parenting. Instead, the record indicates that the parties agreed to continue shared parenting with certain agreed-upon modifications discussed above. A.V. claims he did not enter into an agreement regarding shared parenting or any of the modifications that were made. However, in the absence of a transcript or other evidence in the record to prove otherwise,

we must presume that the trial court's order accurately sets forth the facts and that A.V. did agree to the modifications.

{¶ 16} The record does indicate that the parties could not agree as to the child's school district, the parenting time exchange schedule, and which parent would be awarded the 2017 spring break vacation. As noted above, the trial court ruled that the child would attend school in Urbana, that the parenting time exchange would occur two hours earlier, and that A.C. would have the child for the 2017 spring break. These are the only issues before us that A.V. may properly challenge.

{¶ 17} We conclude that A.V. has failed to demonstrate any error or abuse of discretion with regard to the exchange time or the 2017 spring break. The modified exchange time does not affect A.V.'s parenting time nor the rights and responsibilities established in the original judgment. Further, the court found that an earlier exchange time was in the child's best interest because the later time interfered with her bedtime. Again, we have nothing before us to contradict this finding. The issue of the 2017 spring break is moot as it has already occurred. Even if it were not moot, we would find no error. The court's decision states that the parties agreed to alternate spring breaks in the future, but that they could not agree which party would have the child during the 2017 break. The court awarded 2017 to A.C. because of the evidence that A.C.'s mother had made plans, and paid, for a vacation during the break. There is no evidence that A.V. had made alternate plans, or that he was harmed by the order.

{¶ 18} However, both parents asked to be designated the residential parent for purposes of determining the child's school district. The court did not designate a residential parent, but rather ordered that the child should attend school in Urbana. In

reaching this conclusion, the court made the following findings:

Because of the child's young age at the time of the parties' original Shared Parenting Order, no school district designation was made. As the child will be starting kindergarten next year, the Court believes it is appropriate to make a designation now.

The father wants his residence used to determine the school district which is the Urbana City School District. He testified that this is where the child has always lived, she has a half-brother who goes to Urbana Schools, the father and his family are close by to handle any emergency at school and even the mother's family is close by.

The mother wants her residence used to determine the school district. She testified that she would be moving to the Columbus area, but would be okay with the school district being somewhere in between, like Jonathan Alder in Madison County. She believes these school districts are better and would provide better opportunities for the child, although no evidence was presented as to the quality of these school districts.

The mother is asking this Court to designate her residence or other district she chooses as the school district designation even though she is not sure where she will be. She further testified none of her family lives in the Columbus or Madison County area, just a few friends. In the meantime, the child has a half-brother in the Urbana School District and most of her family is in the Urbana area.

The Court finds it is in the child's best interests to go to school in the

area where all her family is as opposed to somewhere completely unknown at the moment and unfamiliar to her.

It is, therefore, ordered that the child's school district designation shall be the Urbana City School District.

{¶ 19} At first blush, the court's decision resolves the matter in favor of A.V. as he appears to be the only parent who plans to remain in Urbana. However, there is no evidence that A.C. has moved from Urbana. If A.C. should remain in the Urbana area, then the child will have two parents residing in the district. Without a parent being specifically designated as the residential parent solely for the purposes of school attendance, we can foresee a disagreement arising as to which Urbana elementary school the child will attend. While we find no abuse of discretion in ruling that the child should attend the Urbana City School District, we do conclude that the trial court abused its discretion by failing to specify a residential parent.

{¶ 20} A.V. also argues that the trial court prevented him from presenting evidence because it refused to permit a hearing. Again, he contradicts himself elsewhere in his brief by stating that there was a partial hearing on the matter. We cannot conclude, on this record, that A.V. was denied his right to be heard.

{¶ 21} A.V. further contends that the trial court gave preference to A.C. because she is a white female and he is an African-American male. There is nothing in this record to support a claim of bias. Further, if A.V. believed that the trial court judge was prejudiced, his remedy would have been to file an affidavit of disqualification with the Supreme Court of Ohio. *See* R.C. 2701.031.

{¶ 22} Next, A.V. complains that his attorney did not properly represent his

interests, that counsel entered into the agreed changes without his consent, and that counsel did not permit him to present witnesses or evidence. All of these claims necessarily rely upon evidence of interactions between A.V. and his attorney, none of which is in the record before us. Therefore, we cannot address these issues.

{¶ 23} A.V. next argues that A.C. lied to the court, that she was using the child to obtain money from him, and that she did not comply with court orders. He also argues that he is a good parent. This information ignores the fact that A.V. agreed to maintain the shared parenting order and that the matters he raises are, thus, irrelevant.

{¶ 24} A.V.'s last claim centers upon his contention that the GAL failed to complete her investigation, failed to interview witnesses designated by A.V., and that she filed a false report. We find nothing in this record to support these claims.

{¶ 25} Finally, A.C., although she did not file an appeal or a cross-appeal, also presents an argument that the original order of shared parenting is void because it does not comply with the provisions of R.C. 3109.04. She, thus, contends that we must remand this matter to the court for further proceedings.

{¶ 26} A.C. contends that the original order is void because neither parent submitted a shared parenting plan for review. While R.C. 3109.04 does require the submission of a shared parenting plan by a parent, we find no case law to indicate that the failure to do so renders an order of shared parenting void. Instead, we note that an appellate court reviews a trial court's order regarding custody under an abuse of discretion standard. *See Michael v. Chesnut*, 2d Dist. Greene No. 96-CA-72, 1997 WL 254142, * 2 (May 16, 1997). If A.C. had filed an appeal from the trial court's October 23, 2014 order, she may have prevailed, but, of course, she did not. A.C., in this appeal,

cannot contest the October 2014 order establishing shared parenting.

**{¶ 27}** Based on the limited record before us, we find no affirmative demonstration of error by either party except with regard to the designation of a residential parent for purposes of school attendance. Thus, this portion of the trial court's judgment will be reversed and remanded for further proceedings. With regard to all other issues, we must presume the regularity of proceedings below and affirm in all respects.

### III. Conclusion

**{¶ 28}** The judgment of the trial court is affirmed in part, reversed solely as to the designation of a residential parent for purposes of school attendance, and remanded for further proceedings.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

A.V., Sr.
Natalie J. Bahan
Linda MacGillivray-GAL
Hon. Brett A. Gilbert