[Cite as *In re A.A.V.*, 2020-Ohio-3741.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| IN THE MATTER OF: A.A.V. | : | |
| | : | |
| | : | Appellate Case No. 2019-CA-30 |
| | : | |
| | : | Trial Court Case No. 2014-JG-23 |
| | : | |
| | : | (Appeal from Family Court-Juvenile |
| | : | Division) |
| | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 17th day of July, 2020.

. . . . . . . . . . .

ELIZABETH V. WESTFALL, Atty. Reg. No. 0078091, 150 East Mound Street, Suite 206, Columbus, Ohio 43215
     Attorney for Appellee Mother

A.V., SR., Urbana, Ohio
     Appellant Father, Pro Se

. . . . . . . . . . . . .

TUCKER, P.J.

**{¶ 1}** A.V., Sr. appeals from a judgment of the Champaign County Family Court, which approved an agreed decree of shared parenting. Because the parties jointly agreed to the shared parenting decree and because we cannot otherwise discern any irregularities related to the entry of the order, we affirm.

## I.      Facts and Course of the Proceedings

**{¶ 2}** A.V. and A.C. are the father and mother of A.A.V., who was born in 2012. The couple was never married, but resided together in Urbana with the minor child. In 2014, the couple separated and initiated parenting proceedings in the Champaign County Family Court. The court ultimately entered a shared parenting plan.

**{¶ 3}** Thereafter, the parties filed numerous motions, including motions for contempt and to terminate shared parenting. In February 2017, the court entered a judgment which stated that both parties had agreed to maintain shared parenting. However, the court also noted that the parties could not reach an agreement on several issues not relevant to this appeal. Thus, the court heard evidence regarding those issues and entered a judgment resolving the matters. A.V. appealed.

**{¶ 4}** On appeal, we found "no affirmative demonstration of error" by either party except that the trial court designated a school district that the child should attend rather than designating "a residential parent for purposes of school attendance." *In re A.A.V.*, 2d Dist. Champaign No. 2017-CA-6, 2018-Ohio-106, ¶ 27. Thus, we reversed and remanded the judgment as to the residential parent designation but affirmed it in all other respects. On remand, the lower court complied with our mandate and issued an order designating A.V. as the residential parent for school purposes.

{¶ 5} On April 13, 2018, A.V. filed a pro se motion seeking to hold A.C. in contempt for failing to abide by the terms of the shared parenting agreement. On May 23, 2018, A.C. filed a motion for modification of the shared parenting agreement and a motion seeking to hold A.V. in contempt for violating the shared parenting agreement. The trial court set the matter for hearing on July 31, 2018. A.V. retained counsel and filed a motion to continue the hearing date. The trial court reset the hearing date for August 28, 2018. A.V. then filed a motion to modify the shared parenting agreement. On August 30, 2018, the trial court entered an order stating it had met with counsel "in lieu of a hearing," and that "no resolution was reached." The order also appointed a guardian ad litem (GAL) and reset the hearing to December 11, 2018.

{¶ 6} In October, A.V. filed a motion to compel discovery, which was granted. On November 6, 2018, the trial court continued the hearing to February 6, 2019. Thereafter, the hearing was rescheduled several more times. In the interim, the parties continued to file motions.

{¶ 7} The parties and counsel appeared for a hearing on August 27, 2019. On September 4, 2019, the trial court filed an order which stated that, during the hearing, the parties had reached an agreement, which was read into the record. The order required the parties to submit and sign a written agreed order. On November 6, 2019, the trial court filed another order which stated: "The parties submitted an Agreed Entry to the Court for this matter * * * [which] is attached hereto and incorporated herein by reference and is now journalized as an Order of the Court." The order contained language indicating it was a final appealable order. In conjunction therewith, the parties signed an "Agreed Judgment Entry – Shared Parenting Decree," which stated the parties had

entered into a joint shared parenting plan (which was also filed) and which contained a provision dismissing all pending contempt motions. On December 3, 2019, A.V., acting pro se, filed a notice of appeal.

## II. Analysis

{¶ 8} As in the previous appeal, A.V.'s appellate brief fails to comply with App.R. 16(A)(3) which requires that an appellate brief contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." As we stated in our prior opinion, "[l]itigants who choose to proceed pro se are presumed to know the law and correct procedure, and are held to the same standards as other litigants." *In re A.A.V.*, 2d Dist. Champaign No. 2017-CA-6, 2018-Ohio-106, ¶ 9-13, citing *Yocum v. Means*, 2d Dist. Darke No. 1576, 2002-Ohio-3803, ¶ 10.

{¶ 9} We also again remind A.V. that "App.R. 9(B) imposes a duty on [him] to provide a transcript of the proceedings before the trial court. App.R. 9(C) or (D) provide alternatives for completing the record if no transcript is available." *Id.* at ¶ 12. A.V. does not suggest the proceedings were not recorded. Instead, he merely claims, without explanation, that he is unable to provide the transcript. However, the record demonstrates that when A.V. completed his Civil Docket Statement for appeal, rather than checking the box requesting a transcript of the proceedings, he specifically checked the box stating "SUMMARY OF DOCKET AND JOURNAL ENTRIES ONLY (No transcript, App.R. 9(C) statement, or agreed statement will be filed)."

{¶ 10} A.V. asserts that he possesses "* * * a copy of the disk via email * * *." Although unclear, it appears A.V. claims he is in possession of a copy of the video

recording of the hearing and that he believes this relieves him of the duty to provide a transcript. He also appears to believe this court may accept as true his assertions regarding the contents of the disk, but this is not sufficient. A.V. has not provided a certified copy of the disk or a certified transcript of the disk to this court.

{¶ 11} We again "note that a reviewing court is limited to a review of the trial court record, and we must 'disregard alleged facts that are not of record in the trial court.'" *In re A.A.V.* at ¶ 11, citing *Chase Manhattan Mtge. Corp. v. Locker*, 2d Dist. Montgomery No. 19904, 2003-Ohio-6665, ¶ 10. We cannot discern any reason for A.V.'s failure to provide a transcript other than a purposeful decision to decline a copy of the transcript. "In the absence of a transcript of the proceedings, or a proper alternative, an appellate court is 'constrained to presume the regularity of the proceedings below unless the limited record for our review affirmatively demonstrates error.' " (Citations omitted.) *Id.* at ¶ 12.

{¶ 12} As in our prior opinion, we have reviewed A.V.'s arguments despite his failure to comply with the Appellate Rules, and we will address the arguments his brief seems to set forth.

{¶ 13} A.V. first appears to challenge the validity of the agreed order of shared parenting, claiming it is invalid because the trial court forced him to agree to it. He claims the trial court discouraged the parties from addressing the issues and also refused to hear evidence on the matter. In support, A.V. asserts the trial court stated to counsel, "Let the clients know that they better figure it out because nobody knows what he is going to do." He also asserts the trial court stated to counsel, "They need to come to an agreement and that he wants shared parenting for the parties."

{¶ 14} These statements are not demonstrated by the record before us. Although

A.V. has attached to his appellate brief a purported email from his trial counsel verifying his claims as to the statements made by the trial court, we cannot consider this document because it is not a part of the record before us. Further, there is nothing in the record that convinces us the trial court refused to conduct a hearing or take evidence. Ultimately, the decision to settle the matter through an agreement was made by A.V. If he disagreed with the agreement, it was his responsibility to so inform his counsel and to proceed to a hearing and make an appropriate record.

{¶ 15} A.V. next complains that the trial court's refusal to hold A.C. accountable for her failure to abide by the terms of the previous agreement (i.e., to hold her in contempt) was error. The November 2019 agreed entry clearly stated that the parties agreed to dismiss all pending motions for contempt. Thus, there was no contempt motion upon which the trial court could to rule.

{¶ 16} A.V. also requests that this court hold A.C. in contempt. However, such a finding must be made in the first instance by the trial court before it is subject to review by this court. We have no basis for making a finding of contempt. And, as stated, there was no competent evidence of contempt properly before the trial court. Nor is there any before this court.

{¶ 17} Finally A.V. contends the trial court ignored the report of the GAL. There is nothing in the record to support a finding that the trial court ignored the GAL's report. Even if there were such evidence, since the parties settled the matter by an agreed order of shared parenting, we could not say that the trial court erred by declining to consider the report of the GAL.

{¶ 18} The record demonstrates that the parties entered into an agreed entry and

judgment of shared parenting and that the remaining issues were resolved by the filing of a separate agreed entry. From our review of the record, we cannot find any irregularities regarding the parties' resolution of the parenting dispute and other issues before the trial court. Therefore, we conclude A.V.'s appeal lacks merit.

## II.     Conclusion

{¶ 19} Based upon the limited record presented to us, we find no affirmative demonstration of error, and we must presume the regularity of the trial court proceedings. We affirm the judgment of the trial court.

. . . . . . . . . . . .


DONOVAN, J. and HALL, J., concur.


Copies sent to:

Elizabeth V. Westfall
A.V., Sr.
Addie J. King
Hon. Brett A. Gilbert